UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| VICTOR B. PERKINS, | Case No. 15-CV-2140 (PAM/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| WARDEN B.R. JETT and ERIC H. HOLDER, USAG, | |
| Defendants. | |

---

Plaintiff Victor B. Perkins is currently detained at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") pursuant to 18 U.S.C. § 4246. Perkins alleges that his continuing detention is illegal for several reasons, and he seeks monetary compensation under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Perkins did not pay the filing fee for this action, but instead filed an application to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. That IFP application is now before this Court and must be considered before any other action is taken in this matter.

Based on the information provided by Perkins in his IFP application, the Court finds that Perkins qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need

not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Perkins purports to raise six grounds for relief in his complaint, but at bottom, each of Perkins's claims is premised on the argument that his continuing detention at FMC-Rochester is illegal due to procedural errors during his commitment proceedings. *See* ECF No. 1-1. As a result of these alleged constitutional violations, Perkins seeks "5 million dollars in compensatory damages in addition to 5 million dollars in punitive damages . . . ." *Id*. at 2.

The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted). This *Heck* doctrine has been extended to claims brought by federal detainees under *Bivens*. *See Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished table disposition). The *Heck* doctrine has also been extended to claims brought by civil detainees challenging the validity of their confinement through a civil-rights action. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir.

2005) (applying *Heck* to detainees confined under California's Sexually Violent Predators Act); *Suchan v. Jesson*, No. 13-CV-3127 (JNE/SER), 2014 WL 461174, at *3 (D. Minn. Feb. 5, 2014) (collecting cases).

Perkins claims for relief in this case are squarely foreclosed by the *Heck* doctrine. If Perkins is correct (as he claims) that he has been wrongfully civilly committed and that the process by which he was committed violated his constitutional rights, then he is entitled to release from his detention. In other words, each of Perkins's claims necessarily implies the invalidity of his continuing civil commitment. But Perkins remains detained pursuant to a facially valid commitment order. *See United States v. Victor Perkins*, No. 5:92-hc-00654-BR (E.D.N.C. July 10, 2014). Until that order is vacated, reversed on appeal, or otherwise called into question, Perkins may not bring civil claims challenging the constitutionality of his detention. Accordingly, this action must be dismissed without prejudice. *See Blaise v. Smith*, 360 Fed. App'x 702, 702 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Victor B. Perkins's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: May 22, 2015                    s/Franklin L. Noel
                                       Franklin L. Noel
                                       United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.