UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor B. Perkins,        Civil No. 15-2140 (PAM/FLN)

       Plaintiff,

v.        **ORDER**

B.R. Jett, Warden, and
Eric Holder, Jr., USAG,

       Defendants.

___

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Franklin L. Noel, filed May 26, 2015. The R&R recommended that this Court dismiss Plaintiff's Complaint without prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court adopts the R&R.

Plaintiff brought this action under 42 U.S.C. § 1983, seeking damages of $10 million for what he contends is his unconstitutional civil commitment. The R&R noted that a detainee may receive monetary damages for an unlawful civil commitment only if that commitment has been vacated, reversed on appeal, or otherwise called into question. (R&R at 2-3 (citing, inter alia, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).) And, as the R&R concluded, because Plaintiff's civil commitment has not been vacated, reversed, or

otherwise called into question, he cannot maintain a civil action for damages arising out of the fact of that commitment. (Id. at 3.)

Plaintiff objects, contending that the dictates of Heck v. Humphrey do not apply to federal civil detainees. He is wrong. Heck applies to federal detainees, Washington v. Sorrows, 107 F.3d 876 (8th Cir. 1997) (table), and it applies to civilly committed detainees. Talbot v. Loya, No. 4:03cv3400, 2005 WL 2765131, at *2 (D. Neb. Oct. 24, 2005). Plaintiff's claims are barred by Heck.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R (Docket No. 8) is **ADOPTED**;

2. This action is **DISMISSED without prejudice**;

3. Plaintiff's Application to Proceed In Forma Pauperis (Docket No. 2) is **DENIED**;

4. Plaintiff's Motion to Appoint Counsel (Docket No. 6) is **DENIED as moot**; and

5. Plaintiff's Motion to Compel Arbitration (Docket No. 9) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 8, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge