UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor B. Perkins,                          Civil No. 15-2140 (PAM/FLN)

           Plaintiff,

v.                                                **ORDER**

B.R. Jett, Warden, and
Eric Holder, Jr., USAG,

           Defendants.

---

This matter is before the Court on Plaintiff Victor B. Perkins's Application to Proceed In Forma Pauperis on Appeal. On June 8, 2015, this Court adopted the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel and dismissed Perkins's § 1983 action without prejudice. (Docket No. 13.) Perkins seeks to appeal that dismissal and to do so without paying the $505 appellate filing fee.

Under 28 U.S.C. § 1915, this Court may authorize a party to proceed without prepayment of fees, costs, or security, on the affidavit of the party testifying that he is unable to pay such costs, describing the nature of the appeal and his belief that he is entitled to redress. According to this statute, which is part of the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners who are granted IFP status are not excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full,

with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

When a prisoner applies for IFP status on appeal, the Court must first determine whether the prisoner is "destitute;" i.e., whether he or she has "no assets and no means" by which to pay even a partial filing fee. 28 U.S.C. § 1915(b)(4). If the prisoner is found to be wholly destitute, he or she will not have to pre-pay any part of the filing fee. If the prisoner is not wholly destitute, the Court must calculate and assess an "initial partial filing fee" under § 1915(b)(1). Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997). In either event, the remaining balance of the $505 filing fee is to be paid in installments under § 1915(b)(2).

Perkins has submitted documentation regarding his financial assets and it appears that he is "wholly destitute" within the meaning of the statute. Thus, assuming he meets the other criteria for filing an appeal in forma pauperis, he would be excused from paying an initial partial filing fee. He would still be responsible for paying the entire filing fee in installments under § 1915(b)(2).

However, the in forma pauperis statute contains two criteria for filing an appeal without prepayment of fees. Not only must a party establish that he is financially unable to pay the court fees, but the Court must also certify that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3).

Although Perkins has met the first criterion, he cannot meet the second because this appeal is not taken in good faith. Petitioner has challenged his civil commitment unsuccessfully on no fewer than eight occasions. His claims have no merit, yet he continues to press those claims, filing lawsuit after lawsuit in this District. His refusal to accept the adverse determination of his claims does not constitute the good faith necessary to invoke § 1915.

Accordingly, **IT IS HEREBY ORDERED that** Petitioner's Application to Proceed In Forma Pauperis on Appeal (Docket No. 17) is **DENIED**.

Dated: June 30, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge